IGLESIAS ET AL., PETITIONERS AND APPELLANTS. *v.* SIACA, EX-
ECUTIVE SECRETARY OF PORTO RICO, RESPONDENT AND AP-
PELLEE.

APPEAL from the District Court of Ponce in Mandamus
Proceedings.

No. 1790.—Decided July 13, 1918.

CORPORATION—ASSOCIATION NOT FOR PECUNIARY PROFIT—CAPITAL STOCK.—No
provision having been made for capital stock in this case, the situation of
the charter members being rather that of a given number of ,owners in
common who contribute to the funds of the association and are protected
and secured to the extent of their contributions, the court is of the opinion
that the things conferred upon the charter members are not stocks in the
ordinary sense of the word and that the association only has capital in the
sense that any association having funds must have capital.

The whole spirit of Act No. 22 of 1911 shows that its primary object
is the incorporation of associations for non-pecuniary purposes.

The facts are stated in the opinion.

*Mr. José A. Poventud* for the appellants.

*Messrs. Howard L. Kern,* Attorney General, *Salvador
Mestre, Fiscal* of the Supreme Court, and *Jaime Sifre, Jr.,*
Special *Fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The appellants, desiring to form, as they maintained, an
association for non-pecuniary purposes, presented their
articles of incorporation to the respondent, the Executive
Secretary of Porto Rico, who refused to issue a certificate,
because, as he alleged, the said articles of incorporation were
contrary to law, with regard to the particulars referring to
the creation, representation, and liquidation of the capital or
assets of the corporation; also, in their limitation of votes
to the founders of the association, and also, in so far as said
articles provided, for a vote by proxy.

The principal controversy has been waged over the inter-
pretation of section 12 of Act No. 22, Session Laws of 1911,
"To incorporate associations not for pecuniary profit."
That section provides as follows:

"Section 12.—*Other provisions made applicable.*—The provisions

of sections 34, 39, 51, 54, 55, 56, 57, 58, 59, 60, 61 and 62 of the Civil Code are hereby made applicable to associations not for pecuniary profit, with such modifications as are rendered necessary by the fact that such associations have no capital stock and have members and not stockholders.''

It is maintained by the respondent that No. II of the said articles violated the said section, inasmuch as it provided for the existence of a capital stock and of shares therein. The alleged clause is as follows:

''Such physicians as may be accepted by the board of directors and who may contribute the minimum sum of *fifty dollars,* or multiples thereof, to the fund or capital of the association for the purposes of the same shall be charter members, each fifty dollars contributed constituting a share representation of the said capital or of the property which the association may acquire  *  *  *.  Each charter member shall be given a *certificate* accrediting him as such, signed by the president and secretary of the association and bearing its seal.  Such certificates shall show the name and residence of the member, the number and value of the shares taken by him and the date of the issuance of the certificate, which shall be in such form and contain such other details as the board of directors may agree upon.

''The certificates of charter members *shall be non-transferable* by acts *inter vivos* and *shall give the right of a single vote* to its holder, *regardless of the number of shares which it may represent.* They shall be issued from a stub-book kept by the secretary of the association and the stub shall show the name and residence of the member, the number and value of the shares taken as well as the date of the issuance of the certificate, and a blank space shall be left for noting the cancellation of the certificate and the issuance of another in lieu thereof when any charter member may take and pay for a greater number of *shares, as here defined,* than the number specified in his certificate.

''In case of the *dissolution and liquidation* of this association the charter members shall participate in the assets or property of the same, after the payment of such debts as may be outstanding against it, only in proportion to the number of shares represented by the certificate of each member.''

We agree with the appellants that the things they confer

on their charter members are not stocks in the ordinary sense of the word, and that the association only has capital in the sense that any association having funds must have capital. There is no capital stock provided for. The situation of the said charter members is rather that of a given number of owners in common, who contribute to the funds of the association and are protected and secured to the extent of their contributions.

Moreover, we fail to see how section 12 contains any prohibition. It assumes, perhaps, that the ordinary association not for pecuniary profit has no capital stock, but it only cautions the secretary to make allowances for the variety among corporations.

We are strengthened in this opinion by the whole spirit of the act. Its primary object is for the incorporation of associations for non-pecuniary purposes. It is not urged or even suggested that this proposed association has any other purpose. The said articles deny such a supposition. It is an association of doctors for scientific purposes.

Sections 2 and 3 of the act provide:

"Section 2.—*Formation; Certificate of Incorporation.*—Any five or more persons who shall desire to associate themselves for any scientific, literary, artistic, political, religious, fraternal, charitable, educational, recreative or other lawful purpose not for pecuniary profit, may make, sign and acknowledge before any notary or other officer authorized to take and certify acknowledgments, and file and record in the office of the Secretary of Porto Rico a certificate in writing in which shall be stated:

"*First.* The name or title by which such association is to be known in law; but no name shall be assumed already in use by any other corporation or association, or so nearly similar thereto as to lead to confusion or uncertainty; nor shall a name be registered that is likely to deceive the public as to the purposes or scope of any such association.

"*Second.* The place where its principal office in the Island of Porto Rico is located.

"*Third.* The period, if any, for which it is incorporated.

"*Fourth.* The object or objects for which the association is organized.

"*Fifth.* The names and post-office addresses of the incorporators.

"*Sixth.* The number of its trustees or directors, which shall not be less than five.

"*Seventh.* The terms and conditions of membership.

"*Eighth.* The natural resources of the association or those with which it is intended to meet running expenses.

"Such certificate shall comprise the articles of incorporation of such society, association or club.

"Section 3.—*Certificate May Contain Certain Other Matters.*— The certificate may at the option of the incorporators contain provisions prescribing the qualifications of officers or any other provision for the regulation of the business and conduct of the affairs of the association, and any limitation or regulation of the powers of the association officers, not inconsistent with law, which the incorporators may choose to insert."

These sections are a complete draft of power to any association, not for pecuniary profit, to organize or regulate its membership in any way not inconsistent with the general laws of Porto Rico. If there were anything slightly inconsistent in section 12 it could not prevail against the general purpose of the act.

Nobody is obliged to join the association and hence it makes no difference if the doctors choose to provide different classes of membership, nor that the regulation of affairs or property is left in the control of a particular class of members.

As to the provision for a proxy, the same general principles must apply. The law does not forbid the use of proxies and they are directly authorized by the charter.

The judgment appealed from must be reversed and a peremptory writ of mandamus issued.

*Reversed and writ of mandamus issued.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.